**NOT FOR PUBLICATION OR CITATION**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

CIVIL ACTION NO. 06-CV-68-HRW

TONY McAFEE                                                                        PETITIONER

VS:                         **MEMORANDUM OPINION AND ORDER**

BRIAN PATTON, *Warden*, ET AL.                              RESPONDENTS

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Tony McAfee, who is presently confined at the Federal Correctional Institution in Ashland, Kentucky ("FCI-Ashland"), has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241 [Record No. 1]. He has paid the $5.00 filing fee [*Id*].

This matter is now before the Court for screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* complaint must be taken as true and construed in favor of the plaintiff. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. §1915(e)(2) affords a court the authority to dismiss a case at any time if the court determines that the action is (i) frivolous or malicious or (ii) fails to state a claim upon which relief can be granted.

<u>RESPONDENT</u>

The petitioner has named as the respondent Brian Patton, the Warden of FCI-Ashland.

<u>CLAIMS</u>

The petition is a one-and-a-half page typewritten submission.  The petitioner claims that the Bureau of Prisons ("BOP") denied him due process when it classified him as a "sex offender."  He argues that although his criminal history included a prior conviction for Interstate Transportation of a Minor to Engage in Prostitution ("ITMEP conviction"), that conviction should not have served as a basis for his sex offender classification within the BOP.

He alleges that because of having this sex offender classification, he will not be eligible either for participation in the BOP's Residential Drug Rehabilitation Drug Program ("RDAP")[1] or for placement in a Community Corrections Center ("CCC"), or halfway house.  Broadly construed, the claim would fall under the Fifth Amendment of the United States Constitution.

1.  <u>Administrative Exhaustion</u>

The petitioner has administratively exhausted his claim. Petitioner attached the "Response to Administrative Remedy" issued by Harrell Watts, Administrator of the BOP's National Inmate Appeals, on March 20, 2006.  Watts denied the petitioner's administrative appeal in which he had argued that the BOP improperly classified him (petitioner) as a sex offender.

---

[1]

The RDAP is a program through which certain federal inmates receive various incentives for involvement in drug abuse treatment programs.  28 C. F.R. §550.57.  The BOP has discretion to allow an inmate a sentence reduction of up to one year if the inmate was convicted of a nonviolent offense and has successfully completed a substance abuse treatment program. 18 U.S.C. §3621(e)(2)(B).

Watts determined that the Warden and BOP Regional Director had properly affirmed the BOP's decision to apply the Sex Offender Public Safety Factor ("PSF") to the petitioner. Watts noted that application of the PSF was left to the discretion of the Warden and Regional Director pursuant to BOP Program Statement ("PS") 5100.07, *Security Designation and Classification Manual*, and that based upon the petitioner's prior ITMEP conviction, the BOP had properly applied the PSF to the petitioner's Custody Classification Form.

2.   Petitioner's Criminal History

Petitioner McAfee is serving a 151-month sentence handed down in 2001 in the United States District Court for the Southern District of New York. He states that he was convicted of conspiracy to distribute narcotics in violation of 21 U.S.C. §846. Although the petitioner does not state whether his prior ITMEP conviction was a state or federal conviction, "Transportation of Minors with Intent to Engage in Criminal Sexual Activity" is clearly prohibited by federal statute, 18 U. S. C. §2423(a).[2]

3.   Petitioner's Legal Arguments

The petitioner argues that the BOP should not have assigned the PSF to him, because the ITMEP conviction was totally unrelated to the federal conviction which he is currently serving

---

[2]

18 U. S. C. §2423(a), "Transportation of Minors with Intent to Engage in Criminal Sexual Activity" provides as follows:

A person who knowingly transports an individual who has not attained the age of 18 years in interstate or foreign commerce, or in any commonwealth, territory or possession of the United States, with intent that the individual engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense, shall be fined under this title and imprisoned not less than 5 years and not more than 30 years.

(drug offenses). Petitioner cites as authority for his contention the case of *Simmons v. Nash*, 361 F. Supp. 2d 452 (D. N.J. 2005). In *Simmons,* the New Jersey District Court ruled that the BOP exceeded its authority under Section 4042(c) in designating federal inmates as sex offenders based on prior state convictions. *Simmons*, 361 F. Supp.2d at 455. The *Simmons* court held that, based on the language of the provision and the similarities between Sections 4042(c) and 4042(b), Section 4042(c) "clearly provides that only the current federal offense can act as a trigger for the notification requirement." *Id*. at 456-57."[3]

## DISCUSSION

### 1. General Rule:  No Liberty Interest in Particular Classification

First, the Court examines the policy under which a prisoner is classified with a sex offender PSF, which is a part of the classification process for federal prisoners to determine the appropriate level of security.   P.S. 5100.07 *Security Designation and Custody Classification Manual* provides as follows:

> SEX OFFENDER.  A male or female inmate whose behavior in the current term of confinement or prior history includes one or more of the following elements shall be housed in at least a Low security level institution, unless the PSF has been waived.  *A conviction is not required for application of this PSF if the PSI, or other official documentation, clearly indicates the following behavior occurred* in the current term of confinement or prior criminal history.  If the case was

---

[3]

The New Jersey District Court stated as follows:

"We have determined that the congressional intent in adopting §4042(c) was to classify prisoners as sexual offenders based only on the offense for which a prisoner is currently serving a federal sentence."

*Simmons v. Nash*, 361 F. Supp.2d at 457, n.10.

4

dismissed or nolle prosequi, application of this PSF cannot be entered. However, in the case where an inmate was charged with an offense that included one of the following elements, but as a result of a plea bargain was not convicted, application of this PSF should be entered.

*Example: According to the PSI, the inmate was specifically described as being involved in a Sexual Assault but pled guilty to Simple Assault. Based on the documented behavior, application of this PSF should be entered.*

(1)     Engaging in sexual contact with another person without obtaining permission to do so (forcible rape, sexual assault or sexual battery);

(2)     Possession, distribution or mailing of child pornography or related paraphernalia;

(3)     Any sexual contact with a minor or other person physically or mentally incapable of granting consent (indecent liberties with a minor, statutory rape, sexual abuse of the mentally ill, rape by administering a drug or substance);

(4)     *Any sexual act or contact not identified above that is aggressive or abusive in nature* (rape by instrument, encouraging use of a minor for prostitution purposes, incest). Examples may be documented by state or Bureau of Prisons' incident reports, clear NCIC entries, or other official documentation;
. . .

P.S. 5100.07 *Security Designation and Custody Classification Manual* (emphasis added).

Congress has vested the BOP "with the right to exercise complete and absolute discretion in matters relating to the incarceration and classification of lawfully convicted prisoner," 18 U.S.C. §3621; *Moody v. Daggett*, 429 U.S. 78, 88 (1976), and *Beard v. Livesay*, 798 F.2d 874 (6th Cir. 1986). There is no constitutional or inherent right of a convicted person to be released before the expiration of a valid sentence. *Greenholtz v. Inmates of Nebraska Penal & Correctional Complex*, 442 U.S. 1, 7, 99 S. Ct. 2100 (1979).

The general rule is that the Due Process Clause of the United States Constitution does not confer any right upon an inmate to any particular custody or security classification. *Moody v.*

5

*Daggett*, 429 U.S. at 88; *Montanye v. Haymes*, 427 U.S. 236, 242, 96 S. Ct. 2543 (1976). The Constitution does not confer inmates a liberty interest in retaining or receiving any particular security or custody status "[a]s long as the [challenged] conditions or degree of confinement is within the sentence imposed ... and is not otherwise violative of the Constitution." *Hewitt v. Helms*, 459 U.S. 460 at 468, (1983). The Due Process Clause requires only that inmates' conditions of confinement be consistent with their sentence. *Id*. at 468. In short, prisoner classification in federal prisons is not directly subject to due process protections. *Bulger v. U.S. Bureau of Prisons*, 65 F.3d 48 (5th Cir.(Tex.) 1995).

The petitioner correctly states that as a result of his sex offender designation, another policy, P.S. 7310.04 *Community Corrections Center (CCC) Utilization and Transfer Procedure*, precluded his placement in a CCC. As a result of not being eligible for the CCC placement, he would not be eligible for RDAP participation and possible early release under 18 U.S.C. §3621. In light of the petitioner's claims, the Court will next consider the *Simmons* case, which he has cited, and whether the application of the PSF violated his rights under the Fifth Amendment, given that he is currently serving a sentence for drug offenses and not a sexual offense.

### 3. *Simmons* Case Inapplicable

In *Simmons*, the petitioner was in federal custody pursuant to a federal narcotics conviction. Based upon a prior conviction for attempted promotion of prostitution handed down in the New York Supreme Court in 1983 (years before his federal drug conviction), the BOP determined that Simmons was ineligible for early release upon completion of the RDAP. *Id*. at 453. The BOP also classified Simmons as a "sex offender" based on the New York conviction.

In *Simmons*, the court noted that the BOP is mandated by 18 U.S.C. §4042(c) to provide notice of the release of a prisoner who "was convicted of" certain specified sexual offenses. The BOP is directed to give notice to the law enforcement offices of the state and local jurisdictions in which the sex offender will reside. §4042(c)(1).[4]  A person is classified as a sex offender "if the person was convicted of" any federal offenses specified in §4042(c)(4)(A)-(D), or of "[a]ny other offense designated by the Attorney General as a sexual offense for the purposes of this subsection." §4042(c)(4)(E).

*Simmons* discussed that the Attorney General has delegated to the Director of the BOP the authority to designate the additional crimes which might trigger sex offender classification. 28 C.F.R. §571.71.  The court noted that the additional offenses designated by the Director are found in 28 C.F.R. §571.72 and include "[a]ny offense under the law of any jurisdiction that involved" a broadly described range of illegal sexual conduct.

> "By referring to crimes committed 'under the law of any jurisdiction,' the regulation appears to interpret §4042(c) to permit classification as a sex offender based on previous convictions, since a prisoner in a federal institution would not be serving time for a state offense.  Whether this is a permissible interpretation of the statutory language is at the core of this case."

*Simmons v. Nash*, 361 F. Supp.2d at 454.

In *Simmons*, the New Jersey District Court ruled that the BOP exceeded its authority under Section 4042(c) in designating federal inmates as sex offenders based on prior *state*

---

[4]

The BOP's notice must include the person's name, his criminal history, any restrictions on conduct or any other conditions of release, where he will reside, and information that he is subject to a registration requirement as a sex offender.  §4042(c)(2).

7

convictions. *Id.*, 361 F. Supp.2d at 455. The court held that, based on the language of the provision and the similarities between Sections 4042(c) and 4042(b), Section 4042(c) "clearly provides that only the current federal offense can act as a trigger for the notification requirement." *Id.* at 456-57.

The holding of *Simmons* has, however, been restricted by an even more recent case, *Fox v. Lappin*, 409 F. Supp.2d 79, 85- 87 (D. Mass., January 17, 2006). As in *Simmons*, the BOP had also applied a PSF to petitioner Fox, based upon a 1981 conviction for second-degree sexual assault rendered in the state of West Virginia. *Fox* adopted *Simmons* to the extent that it held that because an Attorney General's authority under the statute is limited to designating *federal* offenses as sex offenses, a federal prisoner cannot be designated as a sex offender under Section 4042(c) based on a *state* sex offense for purposes of the federal statute requiring that notice be given to state and local authorities of a designated sex offender's release from prison.

In *Fox v. Lappin*, the District Court noted the limited scope of the *Simmons* decision. *Fox* held that as a matter of inmate classification, a prisoner's classification as a sex offender on the basis of a *state* sexual assault conviction was not an abuse of discretion. *Fox*, 409 F. Supp.2d at 87. *Fox* further held the BOP's policy of categorically excluding inmates with a PSF from placement in a CCC was a permissible interpretative rule; and that the BOP did not abuse its discretion in denying an inmate, designated as a sex offender, placement in a CCC based on his failure to participate in mandatory sex offender program. *Id.* at 88- 93.

Here, Petitioner McAfee's reliance on *Simmons* is misplaced for two reasons. First, McAfee does not allege that his ITMEP conviction was a *state* conviction. As noted, he gives

8

little to no information about the conviction, and the Court has concluded that based upon his meager description of the charge, it was in fact a *federal* conviction. Based upon that conclusion, *Simmons* is of no assistance to the petitioner.

Second, Petitioner McAfee incorrectly relies on *Simmons* for the proposition that the BOP lacks authority to apply a PSF to him based on a prior state court conviction. *Simmons* relates only to the issue of whether an inmate is a sex offender for purposes of the post-incarceration notification requirement set forth in Section 4042(c) and does *not* discuss the BOP's authority to classify inmates using the PSF. *Simmons*, 361 F. Supp.2d at 453-54. Under Fox, the BOP's decision to apply to the PSF to Petitioner McAfee was authorized. Thus, according to *Fox*, Petitioner McAfee does not have a cognizable due process claim.

### 4. *Talouzi* Decision, 2006 WL 625292

Even absent the persuasive authority of *Fox v. Lappin*, the Court would be guided by a recent decision of its own. On March 10, 2006, the undersigned addressed the issue of whether a prisoner, who had not been convicted of a sex offense, was entitled to procedural due process before being classified as a sex offender by prison or custodial officials. In *Talouzi v O'Brien*, Ashland Civil Action No. 05-CV-235, Basim Ali Talouzi was serving a federal sentence imposed by the federal court in the Southern District of West Virginia. He had pleaded guilty to possession and distribution of crack cocaine.

Talouzi had been indicted on the federal drug charges in 1998. That same year, he was indicted in Virginia (state court) on two counts of sexual abuse of a child. Pursuant to the terms of a 2000 plea bargain in the Virginia court, whereby the term of his state charges would run

concurrent to his federal sentence, Talouzi pled guilty only to two counts of misdemeanor battery. Talouzi, like Petitioner McAfee, had been convicted of drug-related offenses, yet the BOP had nonetheless applied the sex offender PSF to him.

On February 13, 2003, the BOP notified him that it was classifying him as a sex offender, even though he had neither committed, nor been convicted of, a sex crime. Insisting that he did not sexually abuse the child and that the offer of a plea agreement for the battery charges was attributable to the state's knowing that it could not prove a sex abuse case against him, Talouzi appealed the designation through the BOP administrative remedy system and lost. He filed a §2241 petition in this Court.

The Court issued a fourteen-page Memorandum Opinion and Order in which it carefully reviewed and analyzed numerous cases which addressed the issue. *See Talouzi*, 05-CV-235, Record No. 14, March 10, 2006; (Slip Copy, 2006 WL 625292) (Only Westlaw citation currently available). In *Talouzi*, the Court concluded that the BOP's decision to assign a sex offender PSF to a person not convicted of a sex offense did not amount to denial of due process of law in violation of the Fifth Amendment.

The Court noted in the *Talouzi* opinion that the Sixth Circuit, of which this Court is a part, had reviewed and approved BOP sex offender classifications only in cases where the prisoner was convicted of the sex crime. *See Montalvo v. Snyder*, 84 Fed. Appx. 521 (6th Cir. 2003) (unpublished), and in *Fortino v. Hemingway*, 21 Fed. Appx. 245 (6th Cir. 2001) (unpublished).[5] .

---

[5]

 In *Fortino*, the BOP had applied a PSF to the defendant and excluded him from early release

In dismissing Talouzi's Fifth Amendment claims concerning his PSF classification, the Court analyzed several cases: *Cutshall v. Sundquist*, 193 F.3d 466 (6th Cir. 1999); *Grennier v. Frank*, 2005 WL 2076432 (W.D.Wis. 2005) (slip opinion); *Green v. Federal Bureau of Prisons*, 2002 WL 32619483 (D. Minn. 2002) (unpublished); *Stafford v. Pratt*, 2001 WL 548898 (N.D. Tex. 2001) (unpublished); and *Day v. Nash*, 2005 WL 2654089 (D.N.J. 2005) (slip opinion). These cases are equally persuasive in evaluating Petitioner McAfee's claims. Therefore, the Court will discuss these cases.

In *Cutshall v. Sundquist*, the Sixth Circuit rejected the claim that a prisoner has a recognized liberty interest in a not having a sex offender label or stigma. In *Grennier v. Frank*, the district court in Wisconsin reached the same result. The Wisconsin District Court held that the "stigma" of being classified as a sex offender did not give rise to a protected liberty interest, and rejected a state prisoner's claim that he was denied parole partially based on the classification, despite his never having been convicted of a sex offense.

The *Grennier* court did not examine the original charge(s) or conviction(s), but went straight to whether the petitioner had a due process claim, initially theorizing that there were due

---

consideration despite successful completion of the institutional portion of a substance abuse program, due to his ineligibility for placement in a community-based program. The BOP's decision was based on the fact that the defendant had been convicted of interstate transportation of child pornography via a computer. The Sixth Circuit upheld the BOP's decision to exclude the defendant from CCC placement and RDAP participation, finding that because of the nature of the offense for which he had been convicted, the exclusion was both reasonable and permissible. *Fortino v. Hemingway*, 21 Fed. Appx. at 247

In *Montalvo*, the Sixth Circuit also found the same PSF "appropriate" in classifying another defendant-petitioner and thereby triggering the sex offender notification and registration provisions under 18 U.S.C. §4042(c). *See Montalvo*, 84 Fed. Appx. at **1.

process implications merely from being labeled a "sex offender." The court studied the possible origins of a protected liberty interest and found none in (1) the stigma, (2) being forced to participate in a sex offender treatment program, or (3) being ineligible for parole without completion of a treatment program. Accordingly, the court wrote, "After further consideration, I have concluded that the law in the Seventh Circuit would not recognize a protected liberty interest in plaintiff's circumstances." *Id*. at *1.

*Green v. Federal Bureau of Prisons*, 2002 WL 32619483, is very helpful in analyzing Petitioner McAfee's claims. In *Green*, the original charge against Green was for receiving profit from prostitution of an individual "at least 16 but less than 18." This was reduced to the crime of receiving profit from prostitution and the petitioner pled guilty. The district court ruled that "Green's PSF is actually based on information connected with the crime to which he pled guilty. . . . Therefore, the BOP was not acting arbitrarily or capriciously when it determined that Green's criminal history . . . warrant[ed] application of the PSF." *Id.* at *4.

In both *Green* and in Petitioner McAfee's case, the petitioners were convicted of violating a federal statute prohibiting prostitution. Although petitioner Green was in federal custody *because* he pled guilty to the federal statute prohibiting prostitution of minors, and although Petitioner McAfee's ITMEP conviction was handed down *prior* to the drug offense for which he is currently incarcerated, *Green* is still persuasive in evaluating Petitioner McAfee's claims. Both cases involve sexual elements: specifically, convictions relating to prostitution, which specifically and expressly falls within the prohibited conduct discussed in §(4) of the BOP's *Security Designation and Custody Classification Manual*:

> *Any sexual act or contact not identified above that is aggressive or abusive in nature* (rape by instrument, encouraging use of a minor for prostitution purposes, incest). Examples may be documented by state or Bureau of Prisons' incident reports, clear NCIC entries, or other official documentation. . . .

P.S. 5100.07.

Given the discretion which Congress has vested with the BOP in assigning prisoner custody classifications, the BOP's decision to apply the PSF to Petitioner McAfee did not violate his Fifth Amendment rights. Petitioner McAfee admits in his §2241 petition that he has a previous conviction for Interstate Transportation of a Minor to Engage in Prostitution. His conviction would thus be evidence of "abusive or aggressive" conduct under of PS 5100.07.

In the *Talouzi* opinion, the undersigned discussed another decision from the United States District Court for the District of Minnesota which deserves honorable mention: *Stafford v. Pratt*, 2001 WL 548898 (N.D. Tex. 2001) (unpublished). In *Stafford*, the petitioner had been originally charged with rape and later pled guilty to the amended charge of contributing to the delinquency of a minor. The BOP's designation of the sex offender PSF on Stafford was based only on a PSI entry which described the charge as based on the petitioner and another man taking two juvenile girls to a residence, "where they were raped."

The district court found no evidence of a plea bargain. The court characterized the BOP's conclusion that there had been a plea bargain as mere "speculation," which was

13

"unsubstantiated" and "the essence of an arbitrary and capricious determination."  Therefore,

habeas relief was granted.[6]

As in *Talouzi*, the Court finds that Petitioner McAfee's case differs from *Jones* and

*Stafford* because Petitioner McAfee *admits* that he has been convicted of Interstate

Transportation of a Minor to Engage in Prostitution.  By negative implication, however, *Jones*

and *Stafford* would suggest that Petitioner McAfee's Fifth Amendment argument regarding his

PSF designation is not a valid one.    As in the *Talouzi* case, the Court finds that there is no due

process violation here because there is no liberty interest with regard to the sex offender PSF.

*Moody v. Daggett*, 429 U.S. at 88, and *Sandin v. Conner*, 515 U.S. 472 (1996).

_____

[6]*See also  Jones v. Stiff*, 2000 WL 34494817 (D. Minn. 2000) (unpublished), *adopted*, 2000
WL 34494816 (D. Minn. 2000).  In *Jones*, the petitioner had pulled a woman into his dormitory
room, forced her to have sex, and when several male students knocked on the door, brandished a
handgun.  Based on statements made to police at the time of the incident, Jones was indicted on five
charges, including criminal sexual assault, theft, aggravated assault, unlawful possession of a firearm
without an identity card, and unlawful use of a weapon.

After the woman refused to testify against him, Petitioner Jones's indictment was dismissed
and he was re-charged with non-sex offenses, *i.e.*, aggravated assault, unlawful use of a weapon, and
unlawful restraint.  He eventually entered into a plea agreement and pled guilty to only two of the
three offenses, unlawful use of a weapon and unlawful restraint.  The court granted the petition on
the rationale that the original alleged sexual assault was *dismissed*; the later aggravated assault
charge could have been predicated on the petitioner's waving the handgun, rather than the original
sex charge; and the record was "unclear" whether the sexual assault was part of the underlying
factual basis of the three crimes re-charged against Jones.  Therefore, the BOP's classification of
him as a PSF sex offender was ruled "inappropriate."  *Id.* at *2.

Unlike the instant petitioner, the sexual assault charge in the *Jones* was dismissed.  The
*Jones* court found  there were multiple charges whose factual predicate could have formed the basis
of the aggravated assault charge to which Jones pled guilty; and the court determined that there was
an insufficient  record to support the imposition of the sex offender PSF.

This conclusion is consistent with Supreme Court law regarding other aspects of prisoner classifications, as cited in *Grennier*.  As Congress has given federal prison officials full discretion to control the conditions of confinement, it is well settled that claims based upon the classification procedures do not state due process claims.  *Moody v. Daggett*, 429 U.S. at 88; *Olim v. Wakinekona*, 461 U.S. 238, 249 (1963); *Sandin v. Conner*, 515 U.S. at 486.  There is no inherent constitutional right to placement in a particular security classification.  *Montanye v. Haymes*, 427 U.S. 236, 242 (1976).

With regard to the petitioner's having lost any opportunity for early release, there is no authority for a prisoner's having a liberty interest in 18 U.S.C. §3621(e)(2), which by its very terms grants the BOP full discretion to grant or withhold an early release, even denying any early release to those who have already completed the RDAP.  Early release is much like parole, in that either possibility "provides no more than a mere hope that the benefit will be obtained." *Greenholtz v. Inmates of Nebraska Penal and Corr. Complex*, 442 U.S. at  7; *see Green*, 2002 WL 32619483 at *3 (possibility of early release, is not a liberty interest under *Sandin v. Conner*, 515 U.S. at 487).

The result herein is also consistent with the Sixth Circuit's *Montalvo* decision, wherein the appellate court affirmed this Court's denial of relief for the prisoner therein who had a sex offender PSF, on the ground that it was not based on a constitutionally protected liberty interest. *Montalvo*, 84 Fed. Appx. at 525.

Finally, under the circumstances of this case, to find a liberty interest in community custody placement would be to involve the judiciary in "the day-to-day functioning of . . .

15

prisons . . . [and] . . . issues and discretionary decisions that are not the business of federal judges." *Meachum v. Fano*, 427 U.S. 215, 228-29 (1976).

The Supreme Court has established a minimum intrusion policy into the decisions of prison administration which provided officials wide discretion in the operation of prison facilities. *See Procunier v. Martinez*, 416 U.S. 396 (1974). The Supreme Court has regularly cautioned the district courts to stay out of the business of micro-managing prisons. *See Bell v. Wolfish*, 441 U.S. 520 (1979); *Turner v. Safley*, 482 U.S. 78 (1987); and *Turney v. Scroggy*, 831 F.2d 135 (6th Cir. 1987). This Court will not interfere with the PSF portion of this petitioner's classification by prison officials.

CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** that Tony McAfee's petition of habeas corpus is **DENIED**; this action [06-CV-68-HRW] will be **DISMISSED** from the docket of the Court, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the respondent.

This May 11, 2006.



Signed By:

*Henry R Wilhoit Jr.*

**United States District Judge**